U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE and GUY MAEL, NADINE VIGLIANO, BRITNEY MOREA, CAROL CONWAY, ANGELA BERTUCCI and TINA WIEPERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC., NUTRIPACK, LLC, AGAINST THE GRAIN PET FOODS, and SHER SERVICES COMPANY INCORPORATED,<br><br>Defendants. | NO. 3:17-cv-05469-RBL<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**<br><br>**Note on Motion Calendar:<br>May 8, 2020, 9:30 a.m.** |
| EVANGER'S DOG AND CAT FOOD CO., INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>NICOLE MAEL,<br><br>Counterdefendant. | |

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................................1

II. AUTHORITY AND ARGUMENT .......................................................................2

    A. Class Counsel's requested fees are reasonable........................................2

        1. The lodestar method is appropriate in this statutory fee-shifting case ...........................................................................................3

            a. Class Counsel's hours are reasonable............................4

            b. Class Counsel request reasonable hourly rates...............5

            c. Class Counsel's requested fee reflects a "negative" multiplier ........................................................................6

        2. A percentage method "crosscheck" is neither required nor appropriate..............................................................................7

        3. Service awards for the Class Representatives are reasonable ...............9

III. CONCLUSION .......................................................................................................10

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - i
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

*Blum v. Stenson*,
    465 U.S. 886 (1984) ...........................................................................................................5

*Craft v. Cnty. of San Bernardino*,
    624 F. Supp. 2d 1113 (C.D. Cal. 2008) ............................................................................7

*Dennings v. Clearwire Corp*,
    Case No. C10-1859JLR, 2013 WL 1858797 (W.D. Wash. May 3, 2013) .......................7

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ....................................................................................3, 7, 8

*In re EasySaver Rewards Litig.*,
    906 F.3d 747 (9th Cir. 2018) .............................................................................................8

*In re Hyundai & Kia Fuel Econ. Litig.*,
    26 F.3d 539 (9th Cir. 2019) ...........................................................................................1, 7

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .........................................................................................2, 3

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .............................................................................................3

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ...........................................................................................4

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. Jan. 9. 2009) .............................................................9

*Roes, 1-2 v. SFBSC Mgt, LLC*,
    944 F.3d 1035 (9th Cir. 2019) ...........................................................................................9

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ...........................................................................................3

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .....................................................................................2, 3, 9

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - ii
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007) ...................................................................6, 7

*Trevino v. Gates,*
    99 F.3d 911 (9th Cir. 1996) ..................................................................................5

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990) ................................................................................5

*Van Skike v. Dir., Office of Workers' Comp. Programs*,
    557 F.3d 1041 (2009) ............................................................................................5

*Van Vranken v. Atlantic Richfield Co.,*
    901 F. Supp. 294 (N.D. Cal. 1995) .......................................................................6

## FEDERAL STATUTES

28 U.S.C. § 1712(a) ..........................................................................................................8

28 U.S.C. § 1712(b) ......................................................................................................8, 9

## STATE STATUTES

73 Pa. Stat. § 201-9.2(a) ...................................................................................................3

815 Ill. Comp. Stat. 505/10a .............................................................................................3

N.J. Stat. Ann. § 56:8-19 ...................................................................................................3

N.Y. Gen. Bus. Law § 349 ................................................................................................3

RCW 19.86.090 .................................................................................................................3

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - iii
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I. INTRODUCTION

Defendants are pet food manufacturers that sold dog food marketed as "human grade," produced in USDA-inspected facilities or with USDA-inspected meats, and "people food for pets." Three of these products were recalled because they contained pentobarbital. Plaintiffs allege that they paid a premium for the dog food, which sickened their pets and caused one to die. Defendants deny Plaintiffs' allegations and have steadfastly defended their products — and the truth of their advertising — throughout the course of this litigation and during settlement negotiations with Magistrate Judge Creatura.

Class Counsel remain confident that Plaintiffs' claims are strong. However, during settlement negotiations, Class Counsel could not ignore the risk they faced at class certification and at trial. Plaintiffs asserted claims on behalf of consumers from multiple jurisdictions across the country. At class certification, they faced the argument that choice-of-law issues would create manageability problems that do not exist in the settlement context. *In re Hyundai & Kia Fuel Econ. Litig.*, 26 F.3d 539, 563 (9th Cir. 2019). On the merits, Defendants would have argued that Plaintiffs could not prove that Defendants' products caused their pets to become ill. Plaintiffs also would have been required to complete costly expert work in order to show that consumers paid a premium due to Defendants' alleged misrepresentations.

Well aware of these challenges — and after several months of settlement negotiations that included three in-person mediation sessions with Judge Creatura — Class Counsel negotiated an excellent settlement that requires Defendants to pay $545,500 into a non-reversionary fund that will provide substantial refunds to Class members who can verify purchases or costs associated with veterinarian bills from pets that experienced illness consistent with pentobarbital poisoning after consuming the recalled pet foods. Class members have the option of claiming, in lieu of a cash payment, a product certificate for three cans of Defendants' products. To receive a product certificate, claimants do not need to provide proof of purchase. The settlement also requires Defendants to significantly change their business

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 1
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

practices. For two years, Defendants must subject their Hand-Packed Products to random independent third-party testing, at their own expense up to $5,000 per year, every three months for two years. Defendants also must change their advertising so that they no longer make false or misleading statements about their pet food including that they are human grade quality.

Class Counsel seek reasonable compensation for their efforts on behalf of Plaintiffs and the Class. They request a fee award of $295,000, which is approximately 29% percent of Class Counsel's total lodestar. The requested fee award includes costs: Class Counsel do not seek a separate award of the more than $28,440 in out-of-pocket costs they incurred prosecuting this action.[1] Class Counsel also seek approval of service awards for the Class Representatives that do not exceed $2,500 each. The requested service awards are reasonable and in line with the Ninth Circuit's requirements for approval. For these reasons, Class Counsel's motion should be granted.

## II. AUTHORITY AND ARGUMENT

### A. Class Counsel's requested fees are reasonable.

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). Rule 23(h) requires that any class member "be allowed an opportunity to object to the fee motion itself." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-994 (9th Cir. 2010) (internal marks omitted). Class Counsel are submitting their fee motion in advance of final approval, as required by *In re Mercury Interactive Corp.*, and will address any objections in their motion for final approval. This fee motion will also be posted to the settlement website not later than March 10, 2020.

---

[1] When costs are considered, Class Counsel seek a fee award of $266,560 ($295,000 - $28,440 = $266,560), which is less than 27% of their lodestar ($266,560/$1,009,017= .264).

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS - 2
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Where counsel seek fees from a common fund, courts have discretion to use one of two methods to determine whether the request is reasonable: "percentage-of-the-fund" or "lodestar/multiplier." *Id.* at 963–64; *see also In re Mercury Interactive Corp.*, 618 F.3d at 992. "Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Here, the lodestar method supports Counsel's fee request and is the most reasonable method to use given the facts of this case.

      1.    <u>The lodestar method is appropriate in this statutory fee-shifting case.</u>

Courts generally use the lodestar method to award fees under statutes like Washington's CPA and the other consumer protection statutes at issue, which provide for fee shifting. *See, e.g., Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (explaining that "statutory awards of attorneys' fees are subject to 'lodestar' calculation procedures"); RCW 19.86.090 (providing for recovery of "actual damages sustained… together with the costs of the suit, including a reasonable attorneys' fee"); *and see* 815 Ill. Comp. Stat. 505/10a (providing that a successful plaintiff may obtain an award of attorneys' fees); 73 Pa. Stat. § 201-9.2(a) (providing for recovery of "actual damages or one hundred dollars ($100), whichever is greater" and that the court may also award to the plaintiff "costs and reasonable attorney fees"); N.J. Stat. Ann. § 56:8-19 (providing for an award of "reasonable attorneys' fees, filing fees and reasonable costs of suit"); N.Y. Gen. Bus. Law § 349 (providing for "reasonable attorney's fees to a prevailing plaintiff").

"Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *see also Staton*, 327 F.3d at 965. If circumstances warrant, the court may adjust the lodestar to account for other factors which are not subsumed within it. *Staton*, 327 F.3d at 965 & n.17. The lodestar-multiplier method confirms the propriety of the requested fee here.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 3
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a. *Class Counsel's hours are reasonable.*

Over the past two years, Class Counsel have spent more than 1,953 hours prosecuting this case on behalf of the Class. *See* Murray Decl. ¶ 42, Ex. 1; Sleater Decl. ¶ 8, Ex. 1. Calculated using rates consistent with prevailing market rates, counsel's lodestar is $1,009,017. *Id*. Class Counsel spent time analyzing factual and legal issues, briefing motions, reviewing and analyzing documents and data, interviewing Class members, and preparing for and attending mediation. *Id*. Class Counsel's detailed time records document their work on the case. Murray Decl., Ex. 1; Sleater Decl., Ex. 1. Class Counsel will incur additional fees to prosecute this case through final settlement approval. Murray Decl. ¶ 40.

The time Class Counsel devoted to this case is reasonable. Plaintiffs faced a determined adversary represented by experienced counsel. Class Counsel prosecuted the claims at issue efficiently and effectively and made every effort to prevent the duplication of work that might have resulted from having multiple firms working on this case. Murray Decl. ¶ 20. Where duplication arguably occurred, Class Counsel have not included it in their final lodestar calculations. *See* Murray Decl., Ex. 1 (showing write offs). Knowing it was possible they would never be paid for their work, Class Counsel had no incentive to act in a manner that was anything but economical. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee."). This case exemplifies the kind of risk Class Counsel takes in order to litigate on behalf of consumers. Because of their litigation risks and the size of the common fund, Class Counsel are seeking a fraction — approximately 29 percent — of their lodestar.

Class Counsel's time records demonstrate that the work for which they seek compensation was necessary to obtain the excellent result achieved in this case. Class Counsel have carefully reviewed their records and have already reduced their total hours by more than 53 hours of billable time. Murray Decl. ¶ 39. Class Counsel wrote off time recorded by attorneys not primarily responsible for the case, time spent working on legal theories or briefs

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 4
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

they did not ultimately pursue, and time spent reviewing work done by junior attorneys or co-counsel. *Id.*

          b.     *Class Counsel request reasonable hourly rates.*

Class Counsel's hourly rates are also reasonable. In determining a reasonable rate, the court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates,* 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant community is generally defined as the forum in which the district court sits." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (2009) (quotation marks and citation omitted). Thus, in assessing the rates requested by Class Counsel, the Court should look to market rates in the Western District of Washington. "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Class Counsel are experienced, highly regarded members of the bar with extensive expertise in the area of class actions and complex litigation involving consumer claims like those at issue here. *See* Murray Decl. ¶¶ 24–36; Sleater Decl. ¶¶ 2–5. Class Counsel set their rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members. Murray Decl. ¶ 43.

The rates charged for attorneys and staff members working on this matter range from $100 to $600, with the majority of the work performed by Jennifer Murray, Jessica Sleater, and Ralph Sianni at hourly rates of $600. *See* Murray Decl., Ex. 1; Sleater Decl., Ex. 1. Courts in Washington have approved fee requests by Class Counsel based on these rates or higher rates in place at the time of the application. *See Rinky Dink v. World Business Lenders, LLC*, No.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 5
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2:14-cv-0268-JCC, Order Granting Final Approval of Class Settlement, ECF No. 92 at 7–8 (W.D. Wash. May 31, 2016) (approving partners' rates of $500–$650 per hour); *Rinky Dink, Inc. v. Electronic Merchant Systems, Inc.*, No. C13-1347-JCC, ECF Nos. 145 and 151 (W.D. Wash. April 19, 2016) (approving hourly rates up to of $450–$650 for senior associates and partners); *Odom v. Microsoft Corp.*, Case No. 04-2-10618-4 SEA (Wash. Sup. Ct. King County 2010) (settlement and plaintiffs' request for fees at rates comparable to those sought here, granted on September 24, 2010 by King County Superior Court Judge Douglass North); *Zwicker v. Gen. Motors Corp.*, No. C07-0291 JCC (W.D. Wash. 2008) (approving partners' hourly rates up to $650); *Wheeler v. NoteWorld*, No. CV-10-202-LRS (E.D. Wash. March 20, 2012), ECF No. 156 (Judge Suko approving Plaintiffs' counsel's fee request based on rates from $220 to $530); *Dell v. Carideo*, No. C06-1772 JLR (W.D. Wash. 2010) (approving plaintiffs' fee request at comparable rates to those sought here); *Khadera v. ABM Indus., Inc.* C08-0417 RSM (W.D. Wash. Oct. 2012) (same); *Arthur v. Sallie Mae, Inc.* C10-00198 JLR (Sept. 2012 W.D. Wash.) (same); *Meilleur v. AT&T Corp.* C11-01025 MJP (W.D. Wash. March 2013) (same). Class Counsel's hourly rates are reasonable and appropriate for calculating the lodestar.

        c.    *Class Counsel's requested fee reflects a "negative" multiplier.*

Class Counsel seek an award of $295,000, based on a lodestar of $1,009,017. Thus, the fee requested by Class Counsel already reflects a "negative" multiplier of .29 on their total lodestar incurred [$295,000 ÷ $1,009,017 = 0.29]. The negative multiplier results in a rate that is effectively $151 per hour [$295,000 ÷ 1,953.55 hours = $151.01]. The negative multiplier is likely to go down further given that Class Counsel expect to expend additional hours seeing this case through to final resolution. Murray Decl. ¶ 40.

Courts in the Ninth Circuit have endorsed and approved attorneys' fee awards with multipliers well in excess of 3.5. *See Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving multiplier of 3.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 6
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

780, 783 (9th Cir. 2007) (upholding fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher"). Thus, Class Counsel's fee request reflecting a "negative" multiplier is reasonable. *See Dennings v. Clearwire Corp*, Case No. C10-1859JLR, 2013 WL 1858797, at *6 (W.D. Wash. May 3, 2013) (finding reasonable a fee request with a negative multiplier of between .92 and .98). In short, Class Counsel's requested attorneys' fee award is reasonable and appropriate, and should be granted.

    2.    <u>A percentage method "crosscheck" is neither required nor appropriate.</u>

The Ninth Circuit does not require district courts employing the lodestar method to perform a "crosscheck" using the percentage method. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 571 (9th Cir. 2019). Such a requirement makes "little logical sense," *see id.* (quoting 2 William B. Rubenstein, Newberg on Class Actions § 15:92 (5th ed. 2018)), because "the lodestar method yields a fee that is presumptively reasonable." *In re Hyundai*, 926 F.3d at 571 (quotation and internal marks omitted). By contrast, the percentage method is "merely a shortcut" that may be used instead of the lodestar method, if "the benefit to the class is easily quantified." *In re Bluetooth*, 654 F.3d at 942. Even then, the percentage method is "at best a rough approximation of a reasonable fee." *In re Hyundai*, 926 F.3d at 571.

Class Counsel have achieved an excellent result for the Class. At the time this motion was filed, 4,853 Class members had submitted claims, 76 of which were verified claims for reimbursement of cash purchases totaling approximately $29,131. The Settlement Administrator also has received 26 claims for reimbursement of veterinary bills totaling approximately $50,000. If all claims are found valid and if the Settlement was approved today — and assuming this Court approved Class Counsel's request for fees and service awards — these Class members would receive 100% of their verified damages ($545,500 - $150,000

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 7
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(admin expenses) - $15,000 (service awards) - $295,000 (fees and costs) = $85,500 (Class awards), which is greater than the approximately $79,131 in claims made to date).[2] By contrast, Class Counsel are requesting only a fraction — under 30% — of their lodestar.

Furthermore, using the percentage-of-the-fund method to calculate a fee in a settlement that provides substantial injunctive relief, in addition to significant monetary relief, is likely to result in a fee that is too low considering counsel's success on the merits. *In re Bluetooth*, 654 F.3d at 941 (the lodestar method should be used when class counsel obtains significant injunctive relief under a fee shifting statute). Here, Defendants have agreed to cease making numerous representations that Plaintiffs allege are false including that their pet food is human grade quality and pay up to $5,000 per year for independent testing of their pet food to promote safety. This prospective relief is a significant term of the Settlement that is not easily monetized, making the percentage method difficult to apply.

Under the Class Action Fairness Act, a court many not consider the value of unredeemed "coupons" in calculating a reasonable fee using the percentage of the fund method. 28 U.S.C. § 1712(a). The statute calls for use of the lodestar method to calculate a reasonable fee when "a portion of the recovery of the coupons is not used to determine the attorney's fee." 28 U.S.C. § 1712(b). The product certificates available to the Class, which can be used anywhere products are sold or redeemed through Defendants directly, likely qualify as coupons under CAFA. *See In re EasySaver Rewards Litig.*, 906 F.3d 747, 755 (9th Cir. 2018) (listing factors including whether class members have to pay to obtain a product using the credit, whether it is valid only for select products or services, and the flexibility the credit provides). However, here the value conferred by any product certificate awards is in addition to the

---

[2] Substantial time remains for additional Class members to submit claims, potentially reducing the amount per Class member, but regardless it appears Class members are likely to receive a substantial refund. In addition, the veterinary bills have not been verified or audited and the Settlement Administrator is in the process of sending deficiency letters to claimants whose claims do not satisfy settlement requirements. Plaintiffs will provide further information on the claims and the average amount Class members will receive with their final approval brief.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 8
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

$545,500 Settlement Fund. If the coupon settlement provisions of CAFA apply, they are satisfied by Plaintiffs' counsel's request that the Court calculate a reasonable fee award using the lodestar method. 28 U.S.C. § 1712(b)(1).

       3.     <u>Service awards for the Class Representatives are reasonable.</u>

Service awards (sometimes called "incentive" awards) compensating named plaintiffs for work done on behalf of the Settlement Class are "fairly typical" in class action cases. *See Roes, 1-2 v. SFBSC Mgt, LLC*, 944 F.3d 1035, 1057 (9th Cir. 2019) (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009)); *Pelletz v. Weyerhaeuser Co.,* 592 F. Supp. 2d 1322, 1329 (W.D. Wash. Jan. 9. 2009) ("The trial court has discretion to award incentives to the class representatives."). In reviewing whether an incentive award is appropriate, the court should take into account "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, … [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *See id.* (quoting *Staton v. Boeing Co.*, 327 F.3d 928, 977 (9th Cir. 2003)).

Here, Class Counsel ask the Court to award service payments to the Class Representatives in the amount of $2,500 each. These awards will compensate the Class Representatives for their time and effort in stepping forward to serve as proposed class representatives, assisting in the investigation, keeping abreast of the litigation, and meeting and communicating with Class Counsel on an ongoing basis regarding the progress of the litigation, settlement efforts, and settlement terms. The requested $2,500 awards are reasonable under the circumstances, and well in line with awards approved by federal courts in the Pacific Northwest and elsewhere. *See, e.g., Pelletz,* 592 F. Supp. 2d 1322, 1329-30 & n.9 (approving $7,500 incentive awards where named plaintiffs assisted Class Counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000).

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 9
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The Class Representatives have devoted substantial time to this litigation. They assisted counsel in investigating their claims, reviewed the factual allegations in the complaint, and responded to Defendants' voluminous written discovery requests. *See* Sleater Decl. ¶¶ 11–15 (describing the time each Class Representative spent serving the Class, including responding to over 80 requests for admission and numerous interrogatories and requests for production). The Class Representatives consulted with Class Counsel by telephone regarding mediation and the Settlement. *Id.* ¶ 15. And Guy and Nicole Mael traveled to Tacoma to attend the first settlement conference with Judge Creatura. *Id.* In light of the Class Representatives' effort and the risk they undertook to obtain a meaningful result for the Settlement Class, Class Counsel request that the Court approve the payment of $2,500 each to the Class Representatives.

## III. CONCLUSION

For the above reasons, Plaintiffs respectfully request the Court grant this motion and award Class Counsel an amount of $295,000 in fees, which includes $28,440 in litigation costs and award service payments of $2,500 each to Plaintiffs Guy Mael, Nicole Mael, Nadine Vigliano, Britney Morea, Angela Bertucci, and Tina Wiepert to be paid from the common fund.

RESPECTFULLY SUBMITTED AND DATED this 9th day of March, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 10
CASE NO. 3:17-CV-05469-RBL

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1                                                       Jessica J. Sleater, *Admitted Pro Hac Vice*
Email: jessica@andersensleater.com
2                                                       ANDERSEN SLEATER SIANNI LLC
1250 Broadway, 27th Floor
3                                                       New York, New York 10001
4                                                       Telephone: (646) 599-9848

5                                                       *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 11
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on March 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>John C. Graffe, WSBA #11835
>Email: johng@jgkmw.com
>Katherine A. Bozzo, WSBA #42899
>Email: katyb@jgkmw.com
>Beth Barker
>Email: bethb@jgkmw.com
>JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
>925 Fourth Avenue, Suite 2300
>Seattle, Washington 98104
>Telephone: (206) 223-4770
>Facsimile: (206) 386-7344
>
>Brennen J. Johnson, WSBA #51665
>Email: brennenj@jgkmw.com
>JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
>2115 North 30th Street, Suite 101
>Tacoma, Washington 98403
>Telephone: (253) 572-5323
>Facsimile: (253) 572-5413
>
>Gregory A. Bedell, *Admitted Pro Hac Vice*
>Email: gbedell@kkbchicago.com
>KNABE, KRONING & BEDELL
>33 North Dearborn Street, Suite 1010
>Chicago, Illinois 60602
>Telephone: (312) 977-9119
>Facsimile: (312) 977-9009
>
>*Attorneys for Defendants*

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS - 12
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     DATED this 9th day of March, 2020.

2                                 TERRELL MARSHALL LAW GROUP PLLC

3                                 By:   /s/ Jennifer Rust Murray, WSBA #36983
                                      Jennifer Rust Murray, WSBA #36983
4                                       Email: jmurray@terrellmarshall.com
5                                       936 North 34th Street, Suite 300
                                      Seattle, Washington 98103
6                                       Telephone: (206) 816-6603
                                      Facsimile: (206) 319-5450
7

8                              *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS
AND SERVICE AWARDS - 13
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com