THE HONORABLE RONALD B. LEIGHTON

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE and GUY MAEL, NADINE VIGLIANO, BRITNEY MOREA, CAROL CONWAY, ANGELA BERTUCCI and TINA WIEPERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC., NUTRIPACK, LLC, AGAINST THE GRAIN PET FOODS, and SHER SERVICES COMPANY INCORPORATED,<br><br>Defendants. | NO. 3:17-cv-05469-RBL<br><br>[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT |
| EVANGER'S DOG AND CAT FOOD CO., INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>NICOLE MAEL,<br><br>Counterdefendant. | |

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs,

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 1
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  and Class Representative Service Awards. After considering the motions and the declarations
2  and exhibits submitted with the motions, the Court enters this Final Approval Order and
3  Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all
4  claims of the Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Class is
5  certified, the Settlement Agreement is finally approved, Class Counsel are awarded $295,000.00 in
6  fees and costs, and Service Awards are approved in the amount of $ 2,500.00 each
7  for Plaintiffs Nicole and Guy Mael, Nadine Vigliano, Britney Morea, Angela Bertucci and Tina
8  Wiepert ($ 15,000.00 total).

9  **WHEREAS**, on October 18, 2019, the Parties filed the Settlement Agreement (Docket
10 No. 116-1), which set forth the terms and conditions of the Settlement and release of certain
11 claims (i.e., the Released Claims) against Defendants and all other Released Parties
12 ("Settlement");

13 **WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the
14 Federal Rules of Civil Procedure, for an order finally approving the Settlement Agreement,
15 which will dismiss this Action with prejudice, and granting Class Counsel's request for an
16 award of fees and costs, and Service Awards to the Plaintiffs;

17 **WHEREAS**, the Court preliminarily approved the Settlement on October 24, 2019
18 (Docket No. 120) and entered an amended order the next day (Docket No. 121), referred to
19 herein as the "Preliminary Approval Order," and notice was given to Settlement Class
20 Members in accordance with the Preliminary Approval Order;

21 **WHEREAS**, the Court has reviewed and considered all papers filed in support of the
22 Settlement and all exhibits thereto and, after notice to the Settlement Class, held a hearing on
23 June 12, 2020 ("Final Approval Hearing"), at which time the Parties and all interested persons
24 were heard in support of and in opposition to the Settlement; and

25
26
27

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 2
CASE NO. 3:17-cv-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**WHEREAS**, upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the parties, and the result of extensive arm's-length negotiations.

**THEREFORE,** the following is **HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the parties and the Settlement Class. The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is certified as follows: All persons in the United States who purchased Evanger's Hunk of Beef, Evanger's Braised Beef, or Against the Grain Pulled Beef with Gravy between the dates of December 1, 2015 and June 30, 2017.

3. For purposes of settlement, the Court appoints Plaintiffs Nicole and Guy Mael, Nadine Vigliano, Britney Morea, Angela Bertucci and Tina Wiepert as "Class Representatives."

4. For purposes of settlement, the Court appoints the attorneys at Terrell Marshall Law Group PLLC and Andersen Sleater Sianni LLC as Class Counsel.

5. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 3
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement.

If the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Settlement Agreement.

6. The Court finds that the notice given to Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice. The notice complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.

7. No Settlement Class Members submitted timely requests for exclusion.

8. The Settlement requires Defendants to pay $545,500 into a Settlement Fund that the parties propose to use to make payments to all Settlement Class Members who submit timely and valid claims; pay the Settlement Administrator the costs of notice and Settlement Administration Expenses in an amount capped at $141,000; pay Service Awards in the amount of $ 2500.00 each to Class Representatives Nicole Mael, Guy Mael, Nadine Vigliano, Britney Morea, Angela Bertucci and Tina Wiepert; and pay Class Counsel's attorneys' fees and costs in the amount of $ 295,000.00. The Settlement Fund is non-reversionary and any amounts remaining after the initial distribution to Settlement Class Members and a second distribution, if necessary and administratively feasible, will be disbursed *cy pres* to North Shore Animal League America, a non-profit organization dedicated to the health and welfare of pets.

9. Settlement Class Members who verified their product purchases or costs associated with veterinarian bills from pets that experienced illness consistent with pentobarbital poisoning after consuming the recalled pet foods will be compensated from the Settlement Fund in cash for 100% of their verified product purchases and vet bills.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 4
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. In light of Covid-19 and the stay at home orders in effect across the country, the Court approves direct mailing of products to Settlement Class Members who had no proof of purchase, instead of providing them with product certificates they would have to redeem in person. The Court further approves paying the shipping expenses associated with mailing the cans from the Settlement Fund so long as the shipping expenses do not reduce the amount of the class member awards below 100%.

11. The Settlement also provides prospective relief. Defendants have agreed to change their advertising practices, fund additional third-party testing of the Pet Food, notify their distributors and retailers of these practice changes, and confirm in writing that they are in compliance with all FDA requirements regarding supplier and ingredient safety for the beef they use in the Pet Food.

12. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Settlement Class Members. The Parties dispute the merits of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Settlement Class Members faced the challenge of certifying a litigation class, defeating summary judgment, and convincing a jury that Defendants should be held responsible for misrepresenting the quality of several products. They also would have had to survive appeals of any class certification order, summary judgment rulings, or other rulings rendered during trial. Class Counsel, who have significant experience litigating and settling these types of claims, have reviewed the Settlement Agreement and find it to be in the best interest of Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the Settlement. In making this determination, the court has considered the criteria set forth in the recently amended Federal Rule of Civil Procedure 23, and the factors outlined in *Hanlon v.*

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 5
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and *Churchill Village, L.L.C. v. General Electric*, 361 f.3d 566, 575-76 (9th Cir. 2004).

13. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

14. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

15. The Court adjudges that Plaintiffs and Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

16. Plaintiffs and Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

17. The Settlement Administrator, Amazon.com, and Chewy.com executed the Notice Plan according to the terms of the Settlement Agreement and in compliance with the Preliminary Approval Order. The notices apprised the Settlement Class members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on Settlement Class Members and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The Notice Plan prescribed by the Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to notice. The notice satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The notices were reasonably calculated under the circumstances to apprise

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 6
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from or object to the Settlement and to appear at the final fairness hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order.

18. Within ten (10) days after the filing of the proposed Settlement Agreement in the Court, a notice of the proposed Settlement was served upon the appropriate state official of each State in which a Settlement Class member resides and upon the Attorney General of the United States. Sarich Decl. ¶ 4. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

19. The Court approves payment of attorneys' fees and costs in the amount of $ 295,000.00. These amounts shall be taken out of the Settlement Fund that is paid by Defendants pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by Settlement Class Members. In addition, the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion.

20. In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel and the Settlement Administrator will take all necessary and reasonable steps to obtain W-9s from claimants and to comply with applicable IRS regulations on issuing 1099s without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties. The Settlement Administrator will contact Settlement Class Members who are entitled to payments that exceed the taxable income threshold twice, with

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 7
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

at least 30 days between the two contacts. Any Settlement Class Member who fails to submit a valid and timely W9 response will have their payment reduced to $599 (below the taxable income threshold).

21. The Court approves the service fee payment of $ 2500.00 each for Class Representatives Nicole Mael, Guy Mael, Nadine Vigliano, Britney Morea, Angela Bertucci and Tina Wiepert and specifically finds that amount to be reasonable in light of the service performed by the Class Representatives for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any service award will be reported as "other income" in Box 3 of the Form 1099-MISC.

22. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

23. Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means all manner of action, causes of

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 8
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

action, claims, counterclaims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature, in law or equity, fixed or contingent, which the Parties have or may have arising out of or relating to any of the acts, omissions or other conduct that has or could have been alleged or otherwise referred to in the Action relating to the Recalled Products, including but not limited to, any and all acts, omissions, or other conduct asserting claims regarding the advertising, marketing, promotion, sale, redemption, or use of the Recalled Products. The Released Claims do not include any claims for money damages by consumers, including but not limited to Settlement Class Members, who purchased any product other than the Recalled Products.

24. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

25. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including implementation and enforcement of the Settlement Agreement.

26. There were no objections to the Settlement.

27. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable and the case dismissed with prejudice.

**THEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order and Judgment.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 9
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

IT IS HEREBY ORDERED.

DATED this 12th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 10
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com